UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

THE BANANA CONNECTION, INC.,                   :

        Plaintiff,                         :

      -against-                               :

M/V CCNI AYSEN, COMPANIA SUD-                  :
AMERICANA DE VAPORES, S.A. & HOWLAND
HOOK CONTAINER TERMINAL, INC.,                 :
                                                       04 Civ. 0191 (AJP)
        Defendants.                        :

------------------------------------- :   **OPINION AND ORDER**

HOWLAND HOOK CONTAINER TERMINAL,               :
INC.,
                                                :
        3d Party Plaintiff,
                                                :
      -against-
                                                :
FORCE ONE EXPRESS, INC.,
                                                :
        3d Party Defendant.
                                                :
------------------------------------- x

**ANDREW J. PECK, United States Magistrate Judge:**

        Presently before the Court is the inquest motion for damages against third party defendant Force One Express, Inc. ("Force One"). For the reasons set forth below, plaintiff The Banana Connection, Inc. ("Banana Connection") is granted judgment against Force One for $14,265.50 plus prejudgment interest of $4,667.67, and Banana Connection's claims against

defendants Compania Sud-Americana de Vapores, S.A. ("CSAV") and Howland Hook Container Terminal, Inc. ("Howland") are dismissed with prejudice and without costs.

## FACTS AND PROCEDURAL BACKGROUND

Where, as here, "'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (Carter, D.J. & Peck, M.J.) (quoting C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2688 at 58-59 (3d ed. 1998)).

Plaintiff Banana Connection sued CSAV and Howland in admiralty, Fed. R. Civ. P. 9(h), alleging that on or about January 2, 2003, Banana Connection shipped 960 boxes of bananas in "good order and condition," in refrigerated containers on a CSAV vessel, from Ecuador to New York, where Howland acted for CSAV with respect to delivery of the bananas. (Dkt. No. 1: Compl. ¶¶ 1, 6, 7.) When the bananas arrived at the delivery destination, they were "in a chilled and damaged condition, resulting in a total loss," because no "Gen Set" had been placed on the refrigerated container. (Compl. ¶¶ 7(C)-(E).)

Howland, in turn, brought a third party complaint against Force One, asserting that Howland had contracted for Force One to receive delivery of the container and transport it to Massachusetts. (Dkt. No. 12: 3d Party Compl. ¶ 8.) Force One refused a Gen Set for the container, causing the damage to the bananas. (3d Party Compl. ¶¶ 10, 12.)

Howland's Third Party Complaint was served on Force One, and the process server's affidavit asserted it was served on "John Allocca, Authorized Agent" of Force One. (Dkt. No. 13.)

When Force One did not respond, Judge Holwell granted a default and referred the matter to me for an inquest. (Dkt. Nos. 20, 22.)

In response to my inquest scheduling order (Dkt. No. 24), Force One moved to vacate the default. (Dkt. No. 28.) Force One submitted an affidavit from Phillip Notaro, in which he identified himself as President of Force One and asserted that Force One never employed anyone named "John Allocca," and that Force One was never served. (Dkt. No. 28: Notaro Aff. ¶¶ 1, 3.)

On October 6, 2006, I held a hearing on Force One's motion to vacate. (See 10/6/06 Conf. Tr.) Mr. Notaro testified at the hearing that he was the Executive Vice President, not President, of Force One. (10/6/06 Conf. Tr. at 19, 42, 49-51.) He repeated that no one named John Allocca worked for Force One, but on questioning by the Court as to whether he knows anyone named Allocca, he conceded that James Allocca is Force One's President. (10/6/06 Conf. Tr. at 22.) On cross-examination, Notaro admitted that the signature on the process server's receipt was that of Force One's President, James Allocca. (Id. at 33-34.) Force One's counsel then conceded that Force One had been properly served. (Id. at 35.) Based on these and other facts, the Court found the default was willful and declined to vacate the default. (10/6/06 Conf. Tr. at 53-58; see also Dkt. No. 33: 10/6/06 Order.) The Court also set a schedule for inquest damage submissions. (10/6/06 Conf. Tr. at 58-60; 10/6/06 Order ¶ 2.)

The parties consented to my decision of this case on a dispositive basis pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

Banana Connection "has agreed to dismiss its complaint against the defendants CSAV and Howland Hook if a judgment is entered in favor of the Plaintiff and directly against [third party] defendant Force One, as permitted by Fed. R. Civ. P. § 14(c)." (Dkt. No. 26: 8/23/06 Zebroski Aff. ¶ 9; see also 10/6/06 Conf. Tr. at 62.)

Banana Connection had sold the bananas to Bonafede for $13,284. (8/23/06 Zebroski Aff. ¶ 14 & Ex. 12: Banana Connection - Bonafede Invoice.) Banana Connection also sought $21.50 for a U.S.D.A. Inspection Report, and $1,000 as the estimated dumping charge incurred when Bonafede dumped the Bananas. (8/23/06 Zebroski Aff. ¶ 15.)

Force One's inquest papers opposed Banana Connection's damage claim on the ground that "there is no evidence submitted to establish that Force One received the goods in an 'unspoiled' condition." (Dkt. No. 34: 10/19/06 Notaro Aff. ¶ 5.) The flaw in Force One's position, however, is that that issue is part of liability, which is established by the default.

Force One next claimed that there was no proof that Banana Connection was paid by Bonafede for the bananas. (10/19/06 Notaro Aff. ¶ 8.) Banana Connection has proved that it sold the bananas to Bonafede for $13,284 and that after the bananas were dumped, it credited Bonafede

5

back that amount. (8/23/06 Zebroski Aff. ¶¶ 14, 16 & Exs. 12, 15; Dkt. No. 35: 10/27/06 Zebroski Reply Aff. ¶ 4.) Banana Connection is awarded damages of $13,284.

Force One also challenged Banana Connection's request for the estimated $1,000 cost for the dumping of the bananas, for failure to prove that amount. (10/19/06 Notaro Aff. ¶ 9.) In response, Banana Connection stated that "in the produce market a $1 per box charge is customary for this method of dumping." (10/27/06 Zebroski Reply Aff. ¶ 7.) The Court accepts this evidence and awards $960 for the cost of dumping the 960 boxes of bananas.

Force One did not dispute the $21.50 expense for the U.S.D.A. Inspection Report, and the Court therefore awards that amount. (See 10/27/06 Zebroski Reply Aff. ¶ 9.)

Accordingly, the Court awards plaintiff Banana Connection judgment against third party defendant Force One for $14,265.50 ($13,284 for the bananas, $960 for dumping, and $21.50 for the U.S.D.A. report). (See 10/27/06 Zebroski Reply Aff. ¶ 9.)

Plaintiff Banana Connection also seeks prejudgment interest from January 16, 2003. (8/23/06 Zebroski Aff. at p. 6; 10/27/06 Zebroski Reply Aff. at p. 7.) Force One did not address this issue. The Court, however, notes that Banana Connection did not credit back the $13,284 to Bonafede until March 23, 2003. (8/23/06 Zebroski Aff. Ex. 15.) The Court therefore will use that date as the starting point for interest. See C.P.L.R. § 5001. The statutory prejudgment interest rate is 9%. C.P.L.R. § 5004. Plaintiff Banana Connection therefore is entitled to prejudgment interest of $4,667.67.[1/]

---

[1/] Interest of 9% annually is .0246575% per day. From March 23, 2003 until November 9, 2006 is 1,327 days. Interest therefore is 32.72% of $14,265.50, or $4,667.67.

## **CONCLUSION**

For the reasons set forth above, the Clerk of Court shall enter judgment as follows: For plaintiff Banana Connection against third party defendant Force One for $14,265.50 plus $4,667.67 of prejudgment interest, and plaintiff's claims against defendants CSAV and Howland are dismissed with prejudice.

SO ORDERED.

Dated:   New York, New York
         November 9, 2006

_____
Andrew J. Peck
United States Magistrate Judge

Copies to:   John H. McConnell, Esq.
             J. Patrick Geraghty, Esq.
             Garth Wolfson, Esq.
             Mark L. Hankin, Esq.
             Mitchell Flachner, Esq.